**In the Matter of Steven A. BEACH, Jr., Respondent.**

**No. 48S00–0806–DI–373.**

Supreme Court of Indiana.

Dec. 29, 2008.

*PUBLISHED ORDER FINDING MIS-CONDUCT AND IMPOSING DIS-CIPLINE*

On June 30, 2008, the Indiana Supreme Court Disciplinary Commission filed a "Verified Complaint for Disciplinary Action," and Respondent tendered an "Affidavit of Consent to Discipline" on September 19, 2008. The Court finds that Respondent engaged in professional misconduct and imposes discipline on Respondent.

**Facts:** *Count I.* Client A hired Respondent to file a petition for modification of child support and paid him $200 of an agreed fee of $500. Thereafter, Respondent failed to file a petition for modification, to respond to Client A's calls, to promptly refund the unearned fee, to respond to the Commission's request for information, and to respond to a show cause order.

*Count II.* Client B hired Respondent to seek modification of her criminal sentence and paid him $350 of an agreed fee of $500. Thereafter, Respondent engaged in the same pattern of conduct described in Count I.

*Count III.* Respondent appeared for Client C at an emergency hearing regarding the custody of the client's son. Respondent then neglected the case and failed to obey court orders, including two orders to appear at show cause hearings.

*Show Cause Proceedings.* Respondent did not cooperate with the Commission's investigations of the charges giving rise to Counts I and II until after the Commission sought and this Court entered Show Cause Orders under Admis. Disc. R. 23(10)(f).

**Violations:** The Court finds that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

1.2(a): Failure to abide by a client's decisions concerning the objectives of representation.

1.3: Failure to act with reasonable diligence and promptness.

1.4(a): Failure to respond promptly to a client's reasonable requests for information.

1.16(d): Failure to refund unearned fee promptly.

3.2: Failure to expedite litigation consistent with the interests of the client.

3.5(d): Engaging in conduct intended to disrupt a tribunal.

8.1(b): Failure to respond in a timely manner to the Commission's demands for information.

8.4(d): Engaging in conduct prejudicial to the administration of justice.

**Discipline:** For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law in this state for a period of at least 90 days, beginning February 4, 2009.** Respondent shall not undertake any new legal matters between service of this order and the effective date of the suspension, and Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). At the conclusion of that period, Respondent may petition this Court for reinstatement to the practice of law in this state, provided Respondent pays the costs of this proceeding, fulfills the duties of a suspended attorney, and satisfies the requirements for reinstatement of Admission and Discipline Rule 23(4).

The costs of this proceeding are assessed against Respondent. The hearing officer appointed in this case is discharged.

All Justices concur.